FILED
SUPERIOR COURT
OF GUAM

2014 FEB 13 AM 9: 35

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM, )
)
)
) CRIMINAL CASE No. CF 0637-13
)
v. )
) **DECISION AND ORDER**
)
JOSE QUIDACHAY TEDTAOTAO, )
)
Defendant. )
)

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion for diversion was taken under advisement on February 7, 2014. The People are represented by Assistant Attorney General, Richelle J. Yu. Defendant is represented by attorney Howard Trapp. Having reviewed the memorandum and papers presented, the Court now issues the following decision DENYING Defendant's motion for diversion.

## BACKGROUND

The Defendant has been charged with one count of Family Violence, as a Misdemeanor arising out of acts allegedly committed on July 17, 2013.

On December 2, 2013, Defendant filed a Motion for Diversion. In it he argues that pursuant to 9 GCA § 30.40 he is eligible for diversion. In support of this argument he asserts that he has never had a crime diverted, has no felony conviction, has never been sentenced for a violation of 9 GCA §30.40 and that his charge does not involve serious bodily injury.

The People filed their opposition to Defendant's motion on February 3, 2014. In it they assert that the statue upon which Defendant relies was amended and repealed by Guam's Family Violence Act on September 30, 2011 and took effect on March 28, 2012. They assert



that under the new law persons charged with acts of family violence are no longer allowed to enter diversion. Under 9 GCA 30.80 a person is now allowed upon admission of guilt to enter into a deferred plea agreement. However, the People argue that because Defendant in Superior Court of Guam Case No. CM0312-04 has already participated in a prior diversion he is ineligible under the statute.

## DISCUSSION

The former Section 30.80 of the Title 9 of the Guam Code allowing for diversion was repealed and re-enacted by Guam Public Law 31-109:3 on September 30, 2011. The amended version took effect on March 28, 2012. No longer allowing for diversion, it now regulates the circumstances in which a defendant, upon the entry of a plea of guilty, may have his plea deferred.

On its face subsection 30.80.1(a)(2) prohibits a person from entering a deferred plea when that person "has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality." 9 GCA § 30.80(a)(2) (2013). In this case Defendant has previously participated in an diversion program and accordingly, is statutorily ineligible to have his plea deferred.

//

//

## CONCLUSION

Based on the foregoing, Defendant's Motion for Order of Diversion is DENIED. Further Proceedings are set for _____March 6_____, _____2014 at 9:00 am.

SO ORDERED, this 13 day of _____Feb_____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam